UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20786-CIV-HUCK/WHITE

NEVIA ABRAHAM,

    Movant,

vs.

UNITED STATES OF AMERICA
    Respondent,
_____/

## ORDER ON MOVANT'S *PRO SE* AMENDMENT TO § 2255 MOTION

This matter is before the Court on Movant, Nevia Abraham's *Pro Se* "Amendment in Support of His Trial Counsel Was Ineffective and His Amendment is Timely [sic]", filed March 30, 2007 (DE # 25). The Court has reviewed the Motion and is duly advised in the Premises.

Although Movant was represented by counsel in this now-closed civil matter, Movant filed the instant motion on his own behalf. Movant seeks to amend his original §2255 Motion to include additional arguments concerning the effectiveness of his trial counsel. Relying on the United States Supreme Court's decision in *Crawford v. Washington*, 124 S.Ct. 1354 (2004), Movant argues that his Sixth Amendment right to confront witnesses was violated on account of his trial counsel's failure to object to the introduction of a recorded 911 call. In *Crawford*, the Supreme Court held that a witness's out-of-court statement that is testimonial in nature is barred from evidence under the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *See id.* However, the Supreme Court rendered its decision in *Crawford* in March of 2004 and it does not apply retroactively in habeas proceedings. *See Whorton v. Bockting*, 12 S.Ct. 1173 (2007). Under *Ohio v. Roberts*, 100 S.Ct. 2531 (1980), which was in effect at the time of Movant's trial, the Confrontation Clause allowed the admission of an unavailable witness's statement against a criminal defendant if the statement bore an "adequate 'indicia of reliability'". Accordingly, the Court must deny Movant's Motion on its merits, as it is based on case law not yet in effect at the time of his trial..

Additionally, Movant seeks a continuance of his re-sentencing until such time as his §2255 Motion, as amended, is resolved. In view of the ruling above, Movant's request for a continuance is moot. Accordingly, it is hereby

ORDERED that Movant, Nevia Abraham's *Pro Se* "Amendment in Support of His Trial Counsel Was Ineffective and His Amendment is Timely [sic]" is DENIED, as is his request for a continuance of his re-sentencing.

DONE AND ORDERED in Chambers, Miami, Florida, this 4th day of April, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
All counsel of record